UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Laila Alizadeh, *et al.*,

    Plaintiffs,

v.                                                                  Case No. 20-12372

Morteza Katebian, *et al.*,                            Sean F. Cox
                                                  United States District Court Judge

    Defendants.
_____/

**ORDER
DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION
OVER ANY STATE-LAW CLAIMS IN THIS ACTION**

Plaintiffs filed action, based upon federal-question jurisdiction over Counts I and II of their complaint. Plaintiffs ask the Court to exercise supplemental jurisdiction over several state-law claims asserted in their complaint: Conversion (Count III); Constructive Trust (Count IV); Breach of Fiduciary Duty (Count V); Aiding and Abetting Breach of Fiduciary Duty (Count VI); Tortious Interference with Contemplated Relationship and Prospective Advantage (Count VII); and Civil Conspiracy (Count VIII).

This Court's subject matter jurisdiction over this case stems from Plaintiffs' federal claims. The Court may exercise supplemental jurisdiction over Plaintiffs' state-law claims, but supplemental jurisdiction is a "'doctrine of discretion, not of plaintiff's right.'" *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)). "[D]istrict courts can decline to exercise

1

supplemental jurisdiction over pendant claims for a number of valid reasons." *City of Chicago, supra*.

District courts should deal with cases involving supplemental jurisdiction in a manner that serves the principles of economy, convenience, fairness, and comity. *Id*. The supplemental jurisdiction statute, 28 U.S.C. § 1367, codifies these principles and provides that district courts may decline to exercise supplemental jurisdiction over a claim when: 1) the claim raises a novel or complex issue of state law; 2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;  3) the district court has dismissed all claims over which it has original jurisdiction, or 4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).  A district court's decision as to whether to exercise supplemental jurisdiction over a plaintiff's state-law claims is reviewed for abuse of discretion. *Soliday v. Miami Cnty*., Ohio, 55 F.3d 1158, 1164 (6th Cir. 1995).

The Court concludes that Plaintiffs' state-law claims would predominate over the federal claims asserted in this action.  The state-law claims could also raise novel and complex issues of state law.

Accordingly, the Court **DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION** over any state-law claims in this action.  As such, the Court **DISMISSES WITHOUT PREJUDICE Counts III, IV, V, VI, VII, and VIII of Plaintiffs' Complaint.**

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  September 14, 2020