UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAILA ALIZADEH, an individual,
SKYMARK PROPERTIES
CORPORATION, INC.,
a Delaware corporation,
LIBERTY & YORK, INC, a Delaware
corporation, SKYMARK
PROPERTIES II, LLC, a Michigan limited          Civil Action No. 2:20-cv-12372
liability company, SKYMARK
PROPERTIES III, LLC, a Michigan                 Hon. Sean F. Cox
limited liability company, SKYMARK
SPE, LLC, a Delaware limited liability          Magistrate Judge David R. Grand
corporation, and 2399021 Ontario, Inc., a
Canadian corporation,

      Plaintiffs,

vs.

MORTEZA KATEBIAN, an individual,
PAYAM KATEBIAN, an individual,
MORROW GA INVESTORS, LLC, a
Delaware limited liability company,
2638168 ONTARIO, INC., a Canadian
corporation, FLEMINGTON CAPITAL
CORPORATION, a Delaware corporation,
JORDAN ASHER SAMUEL, a Canadian
individual, PANTER SAHEBDIVANI, a
Canadian individual, HOSEINALI
SAHEBDIVANI, a Canadian individual,
ALI BEHROUZ, a Canadian individual,
and GREEN LAKE REAL ESTATE
FUND, LLC, a Delaware limited liability
company,

      Defendants.

## MOTION AND MEMORANDUM IN SUPPORT FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT MORTEZA KATEBIAN

Pursuant to Federal Rule of Civil Procedure 55(2)(b), Plaintiffs hereby move for entry of a default judgment against Defendant Morteza Katebian in the amount of **$76,057,893.13**.

Dated:  October 13, 2020

Respectfully submitted,

*/s/ Andrew Kochanowski*
Andrew Kochanowski (P55117)
SOMMERS SCHWART, P.C.
One Towne Square, Suite 1700
Southfield, MI 48076
248-355-0300
akochanowski@sommerspc.com

Fred A. Schwartz
Bar #360538
SHAHADY WURTENBERGER, P.A.
200 East Palmetto Park Rd., Suite 103
Boca Raton, FL 33432
561-910-3064
fschwartz@swlawyers.law

*Attorneys for Plaintiffs*

## **TABLE OF CONTENTS**

INDEX OF AUTHORITIES.......................................................................... ii

A.    MORTEZA KATEBIAN HAS DEFAULTED FOR FAILURE TO
      ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT...............1

B.    PLAINTIFFS ARE ENTITLED TO A DEFAULT JUDGMENT OF
      $76,057,893.13 AGAINST MORTEZA KATEBIAN...................................1

C.    CONCLUSION................................................................................5

# <u>INDEX OF AUTHORITIES</u>

Page

**Cases**

*Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 847–48 (E.D. Mich. 2006) ........1, 2

*Multimatic, Inc. v. Faurecia Interior Sys. USA, Inc.,*
    358 F. App'x 643, 650–51 (6th Cir. 2009)...............................................................2

*Willie McCormick & Assocs., Inc. v. Lakeshore Eng'g Servs., Inc.,*
    No. 12-CV-15460, 2018 WL 1884716, at *3 (E.D. Mich. Mar. 29, 2018)........2, 5

**Statutes**

15 U.S.C. § 15(a) ...........................................................................................................5
18 U.S.C. § 1964(c) .......................................................................................................5
42 U.S.C. Sec. 1961 .......................................................................................................1

**Rules**

Fed.R.Civ.P. 55 ..............................................................................................................2
Fed.R.Civ.P. 55 (a)........................................................................................................1

A.   **MORTEZA KATEBIAN HAS DEFAULTED FOR FAILURE TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT**

On October 8, 2020, pursuant to Fed. R. Civ. P. 55 (a), the Clerk entered an order of default against each Morteza "Ben" Katebian, who is believed to be hiding in Iran, and was served through his counsel. (Dkt. 22. *See* Dkt. 14, *Ex Parte Motion*).[1]

B.   **PLAINTIFFS ARE ENTITLED TO A DEFAULT JUDGMENT OF $76,057,893.13 AGAINST MORTEZA KATEBIAN**

This is an action under the Racketeer Influenced and Corrupt Organizations Act, 42 U.S.C. Sec. 1961 et al., ("RICO"), against a slew of defendants, arising from a series of real-estate frauds perpetrated by various defendants, principally Morteza "Ben" Katebian. Mr. Katebian used his temporary status as a principal for one of the companies owned and operated by Lala Alizadeh to wreck the Plaintiffs' Michigan

---

[1] Since that motion was filed, Mr. Katebian's lawyer told Plaintiffs' counsel that he had been retained on behalf of all Defendants but Green Lake Real Estate Fund, LLC, whose separate counsel has appeared. However, after one conversation counsel has not entered an appearance in this case or sought to set aside this default or the defaults and motion for default judgment against Defendants Morrow Investors GA and Flemington Capital Corporation. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 847–48 (E.D. Mich. 2006) (plaintiff's e-mail communication provided sufficient notice of Ford's intention to file its motion for default judgment if settlement was not achieved by the stated deadline). Accordingly, the *ex parte* motion appears moot.

1

real estate interests, cause defaults, and in the ensuing foreclosures to fraudulently buy out Plaintiffs' real estate in Georgia. He is named in the substantive and conspiracy RICO counts I and II.

> In this court,
>
> When a defendant is in default, the well pleaded factual allegations in the Complaint, except those relating to damages, are taken as true. Fed.R.Civ.P. 55 does not require a presentation of evidence as a prerequisite to the entry of a default judgment, although it empowers the court to conduct such hearings as it deems necessary and proper to enable it to enter judgment or carry it into effect.

*Ford Motor Co., supra*, at 848.

Plaintiffs suffered damages to business or property as a result of Mr. Katebian's scheme. 18. U.S.C. Sec. 1964(c). Attached as *Exhibit 1* is the Declaration of Troy Wilson, a real estate consultant and managing member of various plaintiff special purpose companies which operated the properties at issue in this litigation (Complaint, Pars. 36, 44, *Exhibit 2*, Real Estate CV). Mr. Wilson's Declaration provides information under oath relating to the damages sustained by the Plaintiffs as a result of the RICO violations. The damages including future lost profit, are recoverable. See *Willie McCormick & Assocs., Inc. v. Lakeshore Eng'g Servs., Inc.,* No. 12-CV-15460, 2018 WL 1884716, at *3 (E.D. Mich. Mar. 29, 2018), *report and recommendation adopted,* No. 12-15460, 2018 WL 1875628 (E.D. Mich. Apr. 19, 2018) (RICO damages in default judgment); *Multimatic, Inc. v. Faurecia Interior Sys. USA, Inc.,* 358 F. App'x 643, 650–51 (6th Cir. 2009) (lost profit damages

recoverable under "reasonable basis of computation" even though the results may be "only approximate").

First, Mr. Wilson addresses the damages suffered by Plaintiffs[2] in Southfield, Michigan as a result of the alleged scheme. Plaintiffs owned a complex of buildings with extensive equity in the properties. Based on contemporaneous third-party appraisals, Mr. Wilson shows that as a result of Mr. Katebian's (and other Defendants') actions that resulted in a default and activities preventing Plaintiffs from obtaining other financing to keep the property, Plaintiffs lost **$18,100,000**. (Pars. 7-21).

Second, Mr. Wilson addresses the damages as a result of the loss of the Adamson Parkway property in Morrow, Georgia. Here, the scheme resulted in Mr. Katebian and others, including the defaulted company Morrow Investors GA, Inc., to cause a default and foreclosure, and a buyout for a substantially smaller sum than the property was worth. In effect, while pretending to be the owner of the foreclosed property, Mr.Katebian left the debt to Plaintiffs and bought out all the valuable equity. Based on contemporaneous third-party appraisals, and Plaintiffs' profit and

---

[2] Plaintiffs collectively are Laila Alizadeh, a Canadian individual, Liberty & York, Inc., a holding company, and several Skymark special purpose companies who held the Michigan and Georgia properties, as well as a Canadian company involved in the Florida property. The precise ownership interest of each is set forth in the Complaint.

loss statements, Mr. Wilson concludes that the actions that caused the loss of that property resulted in three discrete categories of injury to business or property:

    (a)   Loss of **$2,625,000** in retained equity in the Georgia property, (Pars. 23-29);

    (b)   Loss of revenue from the Georgia property Plaintiffs would have received between January, 2019 and the present, which has been diverted to Mr. Katebian (and other Defendants) reduced to net operating income, in the amount of **$633,000** (Pars. 31-32); and

    (c)   Loss of future revenue expected from the Georgia property, reduced to net operating income, and further reduced to present day value, in the amount of **$4,271,297.71**. (Pars. 31-33).

The total damages resulting from the RICO scheme as applied to the Adamson Parkway Property are **$7,529,297.71**.

Third, Mr. Wilson addresses the damages associated with the loss of residential property located in Hollywood, Florida. Here, through a series of transactions, Mr. Katebian pretended to be the owner of the property, and, through various other Defendants, illegally transferred title to the house. That property is reasonably valued at $450,000. (Par. 19). Plaintiffs had approximately **$390,000** equity in the property prior to its fraudulent transfer to defendants.

Damages obtained in violation of RICO are automatically trebled. 15 U.S.C. § 15(a) and 18 U.S.C. § 1964(c). Courts in this district have entered treble default judgments in cases involving RICO. *Willie McCormick & Assocs., Inc. v. Lakeshore Eng'g Servs., Inc.,* No. 12-CV-15460, 2018 WL 1884716, at *3 (E.D. Mich. Mar. 29, 2018), *report and recommendation adopted,* No. 12-15460, 2018 WL 1875628 (E.D. Mich. Apr. 19, 2018). A trebling of the combined damages for these properties results in total default damages of **$76,057,893.13.**

## C.   <u>CONCLUSION</u>

Accordingly, Plaintiffs seek entry of a default judgment against Mr. Katebian in the amount of **$76,057,893.13.**

Dated:  October 13, 2020

Respectfully submitted,

*/s/ Andrew Kochanowski*
Andrew Kochanowski (P55117)
SOMMERS SCHWART, P.C.
One Towne Square, Suite 1700
Southfield, MI 48076
248-355-0300
akochanowski@sommerspc.com

Fred A. Schwartz
Bar #360538
SHAHADY WURTENBERGER, P.A.
200 East Palmetto Park Rd., Suite 103
Boca Raton, FL 33432
561-910-3064
fschwartz@swlawyers.law

*Attorneys for Plaintiffs*

5

## CERTIFICATE OF SERVICE

I certify that on October 13, 2020, I electronically filed the forgoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

*/s/ Andrew Kochanowski*
Andrew Kochanowski