UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Laila Alizadeh, *et al.*,

    Plaintiffs,

                                    Civil Case No. 20-12372

v.

Morteza Katebian, *et al.*,            Sean F. Cox
                                              United States District Court Judge

    Defendants.
_____/

**ORDER**
**GRANTING MOTIONS TO SET ASIDE CLERK'S ENTRIES OF DEFAULT**
**AND DENYING MOTIONS FOR DEFAULT JUDGMENT**

Plaintiffs filed this action on August 31, 2020, asserting both federal and state-law claims. This Court declined to exercise supplemental jurisdiction over any state-law claims and dismissed those claims without prejudice on September 14, 2020.

The docket reflects that Clerk's Entries of Default were entered as to the following Defendants: 1) Flemington Capital Corporation (ECF No. 18); 2) Morrow GA Investors, LLC (ECF No. 19); 3) Morteza Katebian (ECF No. 22); 4) Payam Katebian (ECF No. 23); and 5) Hoseinali Sahebdivani (ECF No. 28).

All of those Defendants, however, have filed motions asking this Court to set aside those Clerk's Entries of Default. (*See* ECF Nos. 30, 34 & 41).

Federal Rule of Civil Procedure 55(c) provides that "[f]or good cause shown the court may set aside an entry of default." When evaluating either a motion to set aside an entry of default or a default judgment, the court considers three factors: 1) whether the default was the result of the defendant's willful or culpable conduct; 2) whether the plaintiff would be prejudiced

if the default is set aside; and 3) whether the defendant asserts any meritorious defenses to the claims. *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844–45 (6th Cir.1989).

"Rule 55(c) leaves to the discretion of the trial judge the decision whether to set aside an entry of default.  However, a strong preference for trials on the merits in federal courts had led to the adoption of a somewhat modified standard of review where defaults are involved." *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 193 (6th Cir. 1986).  In practice, Courts employ a "lenient standard" in evaluating a request to set aside a default that has not yet reached a default judgment.  *Id.*  Federal courts favor trials on the merits; therefore, "any doubt should be resolved in favor of the petition to set aside the judgment." *United Coin Meter Co.*, 705 F.2d at 846.

Having reviewed Defendants' motions seeking to set aside the Clerk's Entries of Default entered against them, the Court concludes that they have met that lenient standard.  As such, the Court **ORDERS** that the Clerk's Entries of Default entered as to Flemington Capital Corporation, Morrow GA Investors, LLC, Morteza Katebian, Payam Katebian, and Hoseinali Sahebdivani are hereby **SET ASIDE.**

Given that ruling, this Court **DENIES** all pending motions seeking the entry of default judgments against those Defendants (ECF Nos. 24, 25, 43, and 44).

**IT IS SO ORDERED**.

    s/Sean F. Cox
    Sean F. Cox
    United States District Judge

Dated:  January 13, 2021