UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAILA ALIZADEH, et al.,

                 Plaintiffs,           Civil Action No. 20-12372
                                            Honorable Sean F. Cox
v.                                        Magistrate Judge David R. Grand

MORTEZA KATEBIAN, *et al.*,

                 Defendants.
_____/

## ORDER AND REPORT AND RECOMMENDATION ON PENDING MOTIONS (ECF Nos. 14, 54, 57, 58), AND ORDER ALLOWING PLAINTIFFS TO FILE AN AMENDED COMPLAINT

This case, with seven plaintiffs and ten defendants, has a complicated procedural history, with certain of the issues (both procedural and substantive) being allegedly intertwined with other litigation pending in this Court and elsewhere.  A recent ruling by the Honorable Sean F. Cox in this case (ECF No. 62) disposed of many of the procedural issues that had been pending, leaving only the following four motions on the docket: (1) Plaintiffs' *Ex Parte* Motion for Order *Nunc Pro Tunc* that Service was Made on Defendant Morteza Katebian (ECF No. 14); (2) Defendant Green Lake Real Estate Fund, LLC's ("Defendant Green Lake") Motion to Dismiss (ECF No. 58); (3) a Motion to Stay and/or Dismiss ("Motion to Stay") filed by all Defendants[1] other than Defendant Green Lake (ECF

_____

[1] These Defendants include: Morteza Katebian, Payam Katebian, Jordan Asher Samuel, Panter Sahebdivani, Hoseinali Sahebdivani, Ali Behrouz, 2638168, Ontario, Inc., Morrow GA Investors II, LLC, and Flemington Capital Corp.  For ease, the Court will refer to this group collectively as "Defendants."

No. 54); and (4) Plaintiffs' Motion to Strike the Defendants' Motion to Stay ("Motion to Strike") (ECF No. 57).

On January 13, 2021, Judge Cox entered an Order referring all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b)(1). (ECF No. 63.) On February 3, 2021, the Court held a conference call with counsel to the parties to discuss the pending motions. In light of Defendants' suggestion in a prior filing that the Court could "[d]eem each of [them] [] served, but provide [them] with a reasonable amount of time in which to file responsive pleadings . . ." (ECF No. 34), the Court noted that Plaintiffs' motion regarding service on Defendant Morteza Katebian (ECF No. 14) was moot. The Court also noted that Plaintiffs' Motion to Strike (ECF No. 57) was based on the fact that Defendants had been defaulted before they filed their Motion to Stay, but that because those defaults have now been set aside (ECF No. 62), the Motion to Strike was moot.

The Court also discussed the more substantive motions – Defendants' Motion to Stay and Defendant Green Lake's Motion to Dismiss – including the fact that Plaintiffs, in their response to the latter motion, noted that "they intend to amend their Complaint based on certain facts that have emerged in the state court cases . . ." (ECF No. 64, PageID.4180.) Given that this case is in its early stages, and because the filing of an amended complaint may change the analysis of both Defendants' Motion to Stay and Defendant Green Lake's Motion to Dismiss, the Court suggested it would be prudent to deny those motions without prejudice, give Plaintiffs 30 days to file an amended complaint, and then permit Defendants and Defendant Green Lake to answer or file whatever motion(s) they believe are appropriate in light of Plaintiffs' new pleading. The Court finds that this approach is the

most efficient means of getting to the merits of this case.

Accordingly, for the reasons stated above, **IT IS ORDERED** that:

- Defendant Morteza Katebian is deemed to have been served with process, and Plaintiffs' *Ex Parte* Motion for Order *Nunc Pro Tunc* that Service was Made on Defendant Morteza Katebian **(ECF No. 14)** is **DENIED AS MOOT**;

- Plaintiffs' Motion to Strike **(ECF No. 57)** is **DENIED AS MOOT**;

- Plaintiffs shall have **30 days from today's date** to file an amended complaint, and Defendants and Defendant Green Lake shall have **30 days from the filing of the amended complaint** to answer or otherwise respond to that pleading.

The Court **RECOMMENDS** that Defendants' Motion to Stay **(ECF No. 54)** and Defendant Green Lake's Motion to Dismiss **(ECF No. 58)** be **DENIED WITHOUT PREJUDICE**.


Dated: February 4, 2021          s/ David R. Grand
                                 DAVID R. GRAND
                                 UNITED STATES MAGISTRATE JUDGE


## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Order and Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations and the Order set forth above.  *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1).  Failure to timely file objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).  Only specific objections to this Order and Report and Recommendation will be preserved for the Court's

appellate review; raising some objections but not others will not preserve all objections a party may have.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 4, 2021.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager