UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SKYMARK PROPERTIES
CORPORATION, INC., *ET AL.*,

    Plaintiffs,

                                        Civil Case No. 20-12372

v.

MORTEZA KATEBIAN, *ET AL.*,        Sean F. Cox
                                                 United States District Court Judge

    Defendants.
_____/

**ORDER**
**OVERRULING OBJECTIONS TO 3/14/22 R&R, ADOPTING THAT R&R,**
**AND RULING ON MOTIONS FILED BY THE GREENLAKE DEFENDANTS**

This case is one of many civil actions between these parties throughout the United States and Canada. Indeed, this Court previously presided over another federal case that involved some of these same parties – Civil Action Number 18-13379. That case was dismissed on June 10, 2021.

A few months later, on August 31, 2020, Plaintiffs filed this action, based upon federal-question jurisdiction. This case was reassigned to this Court as a companion case to Case Number 18-13379. Plaintiffs asked this Court to exercise supplemental jurisdiction over a number of state-law claims but this Court declined to do so, and dismissed all of the state-law claims without prejudice. On January 13, 2021, this Court referred this matter to Magistrate Judge David R. Grand for all pretrial proceedings.

The matter is currently before the Court on a Report and Recommendation ("R&R") that

1

the magistrate judge issued on March 14, 2022. The R&R addresses three separate motions filed by Defendants GreenLake Real Estate Fund LLC, and its Chief Executive Officer Peter T. Chang, that are collectively referred to as "the GreenLake Defendants." The motions addressed are two motions seeking to dismiss Plaintiffs' Amended Complaint (ECF Nos. (98 & 100) and a joint motion to compel arbitration. (ECF No. 165). The magistrate issued that R&R after extensive briefing by the parties, including supplemental briefs, and oral argument.

In his comprehensive R&R, that spans sixty-one pages, Magistrate Judge Grand recommends that this Court: 1) deny Greenlake Defendants' Motion to Compel Arbitration (ECF No. 165); 2) dismiss without prejudice the arbitrable claims, and 3) grant in part and deny as moot in part Greenlake Defendants' Motion to Dismiss. (ECF Nos. 98, 100).

As to the arbitration rulings, the magistrate judge concludes that GreenLake's assignment of a loan does not nullify its ability to compel arbitration, that GreenLake did not otherwise waive the agreement to arbitrate, and that a valid agreement to arbitrate exists between the Skymark entities and the GreenLake Defendants. Thus, the magistrate judge concludes that "the claims brought by Skymark Properties, Skymark II/SPE and Skymark III against the GreenLake Defendants (the 'Arbitrable Claims') fall with the scope" of the arbitration provision at issue. (R&R at 49). But, because the magistrate judge concludes that this Court lacks jurisdiction to compel the claims to arbitration in California, he recommends that this Court dismiss those claims without prejudice. (*See* R&R at 52) (Explaining that, "as it relates to the Arbitrable Claims, the proper course of action is for the Court to dismiss them without prejudice, and deny the GreenLake Defendants' motion to compel arbitration.")

The magistrate judge concludes that the claims asserted against the GreenLake

Defendants by Plaintiffs '021 Ontario and Hazelton, that are "substantively different" than those asserted by the Skymark entities, do not fall within the scope of the arbitration provision. (R&R at 49). As to those claims, the magistrate judge recommends that the Court grant the GreenLake Defendants' Motion to Dismiss for failure to sufficiently allege causation as to all counts asserted against them.

Accordingly, the magistrate judge's R&R recommends "that the GreenLake Defendants' motion to compel arbitration (ECF No. 165) be DENIED, and the Arbitrable Claims – Skymark Properties', Skymark II's, Skymark SPE's, and Skymark III's claims against the GreenLake Defendants – be DISMISSED WITHOUT PREJUDICE. IT IS FURTHER RECOMMENDED that the GreenLake Defendants' motions to dismiss (ECF Nos. 98, 100) be GRANTED with respect to '021 Ontario's and Hazelton Homes' claims against the GreenLake Defendants , and DENIED AS MOOT in all other respects." (R&R at 60).

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must filed objections to the R&R within fourteen (14) days after being served with a copy of the R&R.

On March 28, 2022, Plaintiffs filed objections to the R&R. (ECF No. 204). Plaintiffs object to the magistrate judge's recommendations as to arbitration, in two respects.[1]

First, Plaintiffs object to that portion of the R&R that grants the GreenLake Defendants'

---

[1] Plaintiffs also urge the Court to strike several pages of the R&R as dicta, suggesting that those pages pose a danger that an adverse party may cite to the statements as factual findings or conclusions of law made after an evidentiary hearing. The Court declines to do so, as the magistrate judge's comprehensive R&R fully sets forth the procedural posture as to the motions it addresses and poses no such risk.

3

Motion to Compel Arbitration "over Plaintiffs' opposition that" the GreenLake Defendants "cannot enforce an agreement to arbitrate claims which it assigned to a third party." (*Id.* at 2). As to this issue, Plaintiffs note that they opposed the Motion To Compel Arbitration "on the basis that by selling the loan documents and assigning all rights, claims and interests in them to SCMH, GreenLake has no arbitration remedy left with which to compel arbitration." (*Id*. at 5). Plaintiffs note that they directed the magistrate judge to a "line of cases from around the country" that supported their position on the issue. (*Id*.).

The magistrate judge noted that "Plaintiffs have cited out-of-circuit authority that supports their position," but then explained why he disagreed with the reasoning in the decisions cited by Plaintiffs. (R&R at 27-36). This Court concurs with Magistrate Judge Grand's thoughtful analysis of the issue and his conclusion that GreenLake's assignment of the loan does not nullify the GreenLake Defendants' ability to compel arbitration.

Second, Plaintiffs object to that portion of the R&R that grants the Motion to Compel Arbitration "over Plaintiffs' opposition that GreenLake's conduct in failing to timely raise the arbitration defense in this case, and failure to raise it in related litigation, waived the assertion of an arbitration clause." (Objections at 2-3). Plaintiffs complain that the magistrate's analysis of the waiver argument is "cursory." (*Id.* at 12). While the magistrate judge's analysis as to this issue is concise, it is not cursory. This Court concurs with the magistrate judge's rejection of Plaintiffs' waiver argument. As the magistrate judge explained, "the only discovery in this case has been between Plaintiffs and the Katebian Defendants. The GreenLake Defendants have not filed an answer. And, in its motion to dismiss, GreenLake expressly reserved the right to compel arbitration of any claims not subject to dismissal." (R&R at 37).

Accordingly, the Court OVERRULES Plaintiffs' objections to the R&R and ADOPTS

4

the R&R.  IT IS FURTHER ORDERED that the GreenLake Defendants' Motion to Compel Arbitration (ECF No. 165) is DENIED to the extent that it asks this Court to compel arbitration because this Court lacks jurisdiction to compel arbitration of the Arbitrable Claims in California.  But, for the reasons explained above and in the R&R, the Arbitrable Claims (ie., the Skymark Properties', Skymark II's, Skymark SPE's, and Skymark III's claims against the GreenLake Defendants) are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the GreenLake Defendants' Motions to Dismiss (ECF Nos. 98 & 100) are GRANTED with respect to Plaintiffs '021 Ontario's and Hazelton Homes' claims against the GreenLake Defendants and those claims are DISMISSED WITH PREJUDICE.  The motion is DENIED AS MOOT in all other respects.

IT IS SO ORDERED.

                                                      s/Sean F. Cox  
                                                      Sean F. Cox  
                                                      United States District Judge

Dated:  March 30, 2022