UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SKYMARK PROPERTIES CORP., INC.,
A Delaware corporation,
SKYMARK PROPERTIES II, LLC,
a Michigan limited liability company,
SKYMARK PROPERTIES III, LLC,
a Michigan limited liability company,
SKYMARK SPE, LLC, a Delaware limited
Liability company, HAZELTON HOMES
CORPORATION, a Canadian corporation,
and 2399021 ONTARIO,
INC., a Canadian corporation,

     Plaintiffs,
vs

MORTEZA ("BEN") KATEBIAN,
an individual, PAYAM KATEBIAN,
an individual, MORROW GA INVESTORS, LLC,
a Delaware limited liability company,
2638168 ONTARIO, INC., a Canadian
Corporation, FLEMINGTON CAPITAL CORP.,
a Delaware corporation, JORDAN ASHER
SAMUEL, a Canadian individual, PANTER
SAHEBDIVANI, a Canadian individual, HOSEINALI
SAHEBDIVANI, a Canadian individual,
ALI BEHROUZ, a Canadian individual, and
GREEN LAKE REAL ESTATE FUND, LLC,
a Delaware limited liability company, and
PETER T. CHANG, an Individual,

     Defendants.
_____/

Case No. 20-12372-SFC-DRG
Hon. Sean F. Cox
Mag. Judge David R. Grand

**COUNSEL FOR THE KATEBIAN DEFENDANTS MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANTS ALI BEHROUZ AND JORDAN ASHER SAMUEL**

## COUNSEL FOR THE KATEBIAN DEFENDANTS MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANTS ALI BEHROUZ AND JORDAN ASHER SAMUEL

Counsel of record for the Katebian Defendants[1] – who consist of SEAN M. WALSH, KEVIN J. MCGINESS, KIMBERLY W. STOUT, ALEXANDER BLUM and KURT A. OLSON (hereafter, "PETITIONERS") - hereby request that this honorable Court grant them leave to withdraw their appearances as counsel of record for Defendants ALI BEHROUZ and JORDAN ASHER SAMUEL (hereafter, "DEFENDANTS") in this matter pursuant to Local Rule 83.25 and Michigan Rule of Professional Conduct 1.16(b)(1), (4), (5), (6) & (7). In support, Petitioners rely on their contemporaneously filed Brief in Support and further state as follows:

1. Petitioners seek leave to withdraw their appearances as counsel of record for Defendants (Ali Behrouz and Jordan Asher Samuel) because, among other reasons:

   a. The Katebian Defendants (including these Defendants) – speaking through their designated agent for communication with Petitioners, Defendant Payam Katebian – discharged Petitioners as their counsel of record;

   b. The attorney/client relationship between Defendants and Petitioners has broken down, such that it cannot be repaired, resulting in

---

[1] The Katebian Defendants consist of Defendants Morteza Katebian, Payam Katebian, Ali Behrouz, Jordan Asher Samuel, Pantea Sahebdivani, Hoseinali Sahebdivani, 2638168 Ontario, Inc., Morrow GA Investors II, LLC and Flemington Capital Corp. Counsel of record for the Katebain Defendants are Sean M. Walsh, Kevin J. McGiness, Kimberly W. Stout, Alexander Blum and Kurt A. Olson.

      irreconcilable differences and making it impossible for Petitioners to continue to represent Defendants;

   c. Among other reasons, the attorney/client relationship has broken down because Defendants have persistently and materially breached the terms of their August 18, 2021, Multi-Party Engagement Agreement (the "**AGREEMENT**") with Lippitt O'Keefe, PLLC (the "**FIRM**"), by, among other things: (i) Failing to pay the agreed-upon Retainer deposit to the Firm in the amount of **$30,000.00**; (ii) Failing to pay the Firm's monthly Invoices for legal fees, costs and expenses, leaving a balance owed to the Firm of at least **$172,000.00**; and (iii) Refusing to fully cooperate with Petitioners in connection with their representation of Defendants; and

   d. These Defendants like the other Katebian Defendants - are expected to engage Jerome Frank and Tami Salzbrenner as substitute counsel file substitutions of counsel in the immediate future.

2. Petitioners have provided myriad warnings to each of the Katebian Defendants – including these Defendants - that Petitioners would seek the Court's leave to withdraw as counsel of record unless Defendants fulfilled their obligations to Petitioners under the Agreement, but Defendants have persistently refused and have ignored those warnings.

3. Indeed, Petitioners provided such warnings to each of the Katebian Defendants, including by letters dated November 10, 2021; December 27, 2021; December 31, 2021 and April 25, 2022, each of which was ignored.

4. On May 8, 2022, Petitioners were forced to notify the Katebian Defendants (including these Defendants) that, due to their persistent failure to perform their obligations under the Agreement, the Firm has been forced to (and

thereby did) terminate the Agreement and seek leave to withdraw from the representation. Defendants' persistent and ongoing material breaches of the Agreement have also visited – and will continue to visit – significant financial burden on Petitioners, and, taken together with their discharge of counsel, Petitioners have no option but to seek leave to withdraw.

5. Following discussions subsequent to the termination of the Agreement, the Katebian Defendants (and Defendants) confirmed – through their agent, Payam Katebian – that they desired to discharge Petitioners and engage substitute counsel to appear on their behalf, i.e. Jerome Frank and Tami Salzbrenner of the firm of Frank & Frank, PLLC. A proposed Stipulation and Order for Substitution of Counsel on behalf of the Katebian Defendants (except these two Defendants) has been filed (Docket 240) and a proposed Order for Substitution of Counsel has been submitted via the Court's "Utilities" function on behalf of each of the Katebian Defendants, except these two Defendants.

6. According to substitute counsel, these two Defendants have simply been unreachable (presently in Iran and in Kuwait), but Mr. Frank expects that substitutions of counsel will shortly be presented on behalf of these two Defendants as well.

7. Setting aside Defendants' material breaches of the Agreement and the appearance of substitute counsel, Defendants' discharge of Petitioners mandates that Petitioners' withdrawal is mandatory.

8. Pursuant to E.D. Mich. L.R. 7.1(a)(1), Petitioners sought the concurrence of counsel for Plaintiffs in the relief requested herein, and Plaintiffs do not oppose the relief requested in this Motion, provided Petitioners agree to the following conditions:[2]

  a. Petitioners must continue to represent the Katebian Defendants in connection with the pending motions scheduled to be heard on May 19, 2022;

  b. Petitioners must agree to cooperate with the production of any documents ordered produced by the Court as a result of the pending motions to compel or sanctions that may be in Petitioners' possession, including the documents set forth in the privilege log and the documents subject to the motion for sanctions arising from the January 3, 2021, document production; and

  c. Petitioners must maintain a copy of the case file, including all documents given to Lippitt O'Keefe, PLLC by the Defendants for production, after withdrawal.

9. Petitioners did not object to the conditions, particularly those stated in ¶9(b) & (c); however, the condition stated in ¶9(a) is moot, given the appearance of substitute counsel for the Katebian Defendants (except these two Defendants).

---

[2] Notably, these conditions were insisted upon before the filing of the Stipulation for Substitution of Counsel.

6 | P a g e

10. Finally, given the stage of this action, including Plaintiffs' having proposed a Second Amended Complaint, there will be no materially adverse effect upon Defendants by virtue of Petitioners' withdrawal.

WHEREFORE, Petitioners respectfully request that this honorable Court grant their Motion; permit Petitioners to withdraw their appearances as counsel for record for Defendants Ali Behrouz and Jordan Asher Samuel; grant Defendants thirty (30) days to engage new counsel; and award Petitioners any other or different relief the Court deems just and equitable.

Respectfully submitted,

**LIPPITT O'KEEFE, PLLC**
By: *Sean M. Walsh*
Sean M. Walsh (P48724)
Attorneys for Defendants
370 E. Maple, Third Floor
Birmingham, Michigan 48009
swalsh@lippittokeefe.com
(248) 646-0109 (Office)
(248) 453-4461 (Mobile)

Dated:  May 18, 2022

## CERTIFICATE OF SERVICE

      I hereby certify that on May 18, 2022, I electronically filed the foregoing with the Clerk of the court using the ECF system, which will send notification of such filing to each attorney of record.

      Respectfully submitted,

***LIPPITT O'KEEFE, PLLC***
By: *Sean M. Walsh*
Sean M. Walsh (P48724)
Attorneys for Defendants
370 E. Maple, Third Floor
Birmingham, Michigan 48009
swalsh@lippittokeefe.com
(248) 646-0109 (Office)
(248) 453-4461 (Mobile)

Dated:  May 18, 2022