UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SKYMARK PROPERTIES
CORPORATION, INC., *et al.*,                    Civil Action No. 20-12372

                     Plaintiffs,            Sean F. Cox
                                      United States District Judge
v.

                                      David R. Grand
MORTEZA KATEBIAN, *et al.*,                     United States Magistrate Judge

                     Defendants.
_____/

## <u>ORDER ON MOTION TO WITHDRAW (ECF No. 241)</u>

The Katebian Defendants and defendants Ali Behrouz and Jordan Asher Samuel have been represented in this matter by attorneys Sean Walsh, Kevin McGiness, Kimberly Stout, Alexander Blum, and Kurt Olson ("Petitioners"). On May 18, 2022, Petitioners filed a motion to withdraw as counsel for defendants Behrouz and Samuel. (ECF No. 241). In support of that motion, Petitioners assert that they were "discharged" by the Katebian Defendants, "including" defendants Behrouz and Samuel, that the attorney/client relationship between them had "broken down" and "cannot be repaired, resulting in irreconcilable differences," and that Behrouz and Samuel, "like the other Katebian Defendants – are expected to engage [attorneys] Jerome Frank and Tami Salzbrenner as substitute counsel in the immediate future" in this case. (*Id.*, PageID.17360-61; *id.*, PageID.17362 ("According to substitute counsel, these two Defendants have simply been unreachable (presently in Iran and in Kuwait), but Mr. Frank expects that substitutions of counsel will shortly be presented on behalf of these two Defendants as well.")).

1

Indeed, on today's date, the Court entered a Stipulated Order for Substitution of Counsel with respect to the Katebian Defendants, and, at a May 19, 2022 hearing in this case, attorney Frank indicated that he had been communicating with Samuel's family (as Samuel was overseas) and, as represented in Petitioner's instant motion, intends to formalize his representation of these other defendants soon.

Under MRPC 1.16(a)(3), a lawyer is required to withdraw from representation if he is discharged by the client.  Here, Petitioners represent that "there is simply no question that the Katebian Defendants – including Defendants [Behrouz and Samuel] – discharged Petitioners," and that representation was confirmed at the recent hearing.  (ECF No. 241-1, PageID.17372).  Thus, Petitioners' withdrawal is mandatory under the Michigan Rules of Professional Conduct.  Moreover, the Court finds grounds for their permissive withdrawal because, despite reasonable warnings, they have documented a failure by the Katebian Defendants to substantially fulfill their obligations to Petitioners pursuant to their agreement, and, particularly given the nature of this case and its procedural history to date, Petitioners' continued representation would cause an unreasonable financial burden on them.  MRPC 1.16(b)(4).

Accordingly, **IT IS ORDERED** that Petitioners' motion to withdraw as counsel of record for defendants Ali Behrouz and Jordan Asher Samuel **(ECF No. 241)** is **GRANTED**.  While the Court understands that attorneys Frank and Salzbrenner intend to represent defendants Behrouz and Samuel, **Petitioners shall serve a copy of this Order on defendants Behrouz and Samuel forthwith**.  Defendants Behrouz and Samuel shall have **30 days** to retain new counsel, and if no counsel files an appearance on their behalf

within that timeframe, the Court will treat them as proceeding *pro se* in this matter.

**SO ORDERED**.

Dated: May 26, 2022                    s/ David R. Grand
                                       DAVID R. GRAND
                                       UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. § 636(b)(1).

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 26, 2022.

                                       s/Eddrey O. Butts
                                       EDDREY O. BUTTS
                                       Case Manager