UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SKYMARK PROPERTIES
CORPORATION, INC., et al,

    Plaintiffs,

vs.

MORTEZA KATEBIAN, et al.

    Defendants.

Civil Action No.  2:20-cv-12372

Hon. Sean F. Cox

Magistrate Judge David R. Grand

### PLAINTIFFS' MOTION FOR CONTEMPT AGAINST DEFENDANTS ROUZBEH BEHROUZ and MFS, INC.

**MOTION**

Plaintiffs hereby move for an order of contempt against Defendants Rouzbeh Behrouz and MFS, Inc. arising from their continuing, and now failed, effort to oppose the issuance of Letters Rogatory in Ontario. On October 26, 2022, these Defendant's counsel unambiguously represented to this Court that his clients would not object to the Letters Rogatory. In fact, between that hearing and February, 2023, when the issue was the subject of the scheduled hearing in Canada, Rouzbeh Behrouz/MFS's Canadian counsel continued to object to the Letters Rogatory. At the hearing, against the express representations made by US counsel, Mr.

Behrouz/MFS challenged the Letters Rogatory and forced Plaintiff to conduct an adversary hearing on this issue. Predictably, Behrouz/MFS lost, but not before Plaintiffs incurred over $65,000CDN in additional costs between the time of the representation and to date. The Court should sanction these Defendants by holding them in contempt and issuing a sanctions order requiring them to compensate Plaintiff for undergoing a wholly needless hearing on these now almost two-year old Letters Rogatory.

**MEMORANDUM IN SUPPORT**

The Canadian Letters Rogatory issue has been the focus of at least four prior motions before this Court. It was discussed in May, 2022, where Defendants' counsel promised that the Canadian Letter Rogatory would not be contested, and it was discussed on October 26, 2022, where Defendants' counsel and Plaintiff's counsel engaged in the following colloquy before this Court:

> *MR. SCHWARTZ*: Your Honor, with this motion and the other motion regarding production by Mr. Rouzbeh Behrouz, they -- they interact with each other. And we were going to suggest, your Honor, that we could resolve both of these motions if they -- Mr. Behrouz would consent to the letters rogatory, and that way, we would get whatever bank statements there are in Canada produced without redactions.
>
> Your Honor, with this motion and the other motion regarding production by Mr. Rouzbeh Behrouz, they -- they interact with each other. And we were going to suggest, your Honor, that we could resolve both of these motions if they -- Mr. Behrouz would consent to the letters

2

rogatory, and that way, we would get whatever bank statements there are in Canada produced without redactions.

So, in our motion to compel, we've achieved about 80 percent of what we filed, what was required when we filed [the motion to compel Rouzbeh Behrouz/MFS to not oppose the Canadian application]. The other 20 percent is, I guess, asking your Honor to order, as with the other defendants, that Mr. Behrouz not oppose the letters rogatory in Canada so we can get the original documents. If -- if your Honor does that, it moots the issue as to whether he did or did not turnover all the documents pursuant to discovery here.

*MR. FRANK:* … we have no opposition.  If they want to get it two different the ways, they can get it two different ways.  I don't care.  We have provided it.  *And if the bank -- when the banks provide it, they can provide it, too. There's no impediment to the banks turning over the documents.*

The Court then asked Mr. Frank, if there is no opposition to the turnover of Behrouz/MFS records why it does not moot the motion filed by Plaintiffs for Rouzbeh Behrouz and his company to not oppose the Canadian application. Mr. Frank responded:

*MR. FRANK*:  It is -- it is not.  As -- as it is explained to me in Canada, it is not moot because they are seeking my -- *my corresponding attorney is not blocking the turn-over of documents.  He's simply seeking what is normal and appropriate in Canada, sanctions for having required an unnecessary amount of work to do because it was improperly filed by Mr. Schwartz's correspondent in Canada. That's how it was explained to me. The only issue left, as far as I know, is -- is just sanctions.* And they do have the British rule.

*THE COURT*:  But the motion as to me has nothing to do with the sanctions.  The motion as to me is just about the underlying documents, the bank records. ..

3

> *MR. FRANK*: But, again, an order saying that we have no -- *we will not assert any objection to the turn-over of the bank records by the bank,* we have no problem with, because we've already turned them over anyways. *They want to see them in a separate way, fine with us. We don't care. You know, they can have all the document -- all the bank records they want… from Canada, we've already provided them, but we would have no objection to the Canadian banks turning them over.*

(*Exhibit A*, transcript 11/26/2022 hearing at pp. 9-12, emphasis added.)

Defendants never alerted the Canadian court that their US counsel had agreed not to oppose the application but merely challenged the question who should receive costs. At the hearing on February 16, 2023, Defendants did not confine the opposition to the ostensible question of attorney fees, but launched a full-sided attack on the Letters Rogatory themselves, the quality of the evidence used to obtain the Letters, the integrity of Plaintiffs' counsel, and other argument going directly to the substance—the very opposition that Mr. Frank promised would not occur, and the promise made (and adopted by this Court) to "moot" the underlying pending motion against Mr. Behrouz and his company. (*Exhibit B*, opinion from Justice Perell dated March 3, 2023, particularly the Justice's comments about the "vociferous attack" made by Mr. Behrouz/MFS in "opposing the letters rogatory as a party to the foreign litigation" (Pars. 3, 9 see also Pars. 48-49, 51, 68-69, 73-77). As the opinion makes all too clear, in spite of their US counsel's clear promise to Plaintiffs and this Court, Rouzbeh Behrouz/MFS took the opportunity to take another bite at the apple and

4

argued, at great cost to Plaintiffs from having to defend, to the Canadian court that the Letters Rogatory should never have issued as to them.

Thus, what Mr. Frank represented to the Court in October, 2022 on behalf of his clients and what his clients did in February, 2023 are completely at odds. The object of the Letters Rogatory was to obtain evidence, chiefly of bank accounts, maintained by Rouzbeh Behrouz/MFS in Canada. In this litigation, representations have been made that Mr. Behrouz had no bank accounts, and neither did MFS. Had that been true—and it's highly unlikely that it is--, the simplest answer to the Canadian application would have been the response "there are no such records." But presumably because Mr. Behrouz fears that the Canadian order that will now be served on Canadian banks will uncover the truth, Plaintiffs were subjected to nearly two years of opposition which they had promised to end in October but which they did not.

### **LR7.1 Certification**

Plaintiffs contacted Mr. Frank on several occasions after October, 2022 through counsel Fred Schwartz regarding this issue. Mr. Frank's response was that he was obliged to only try to ask for the opposition to be dropped, and that he had conveyed that to his clients' Canadian counsel.

5

**Conclusion**

If this is in fact true, and Plaintiffs believe that Mr. Frank tried to hold up Defendants' end of the agreement, then contempt is clearly warranted. While Plaintiffs do not believe that Mr. Frank intended to deceive the Court and Plaintiffs by promising to drop the substantive opposition, Payam Katebian, the joint Defendants' chief contact with the US lawyers who was present at the hearing most certainly did. Plaintiffs were not agreeing to drop their motion for Mr. Behrouz to be folded into the ambit of party defendants who were ordered not to oppose so that Mr. Frank could "ask" Behrouz's Canadian counsel to agree. The made the agreement so that Mr. Behrouz's Canadian counsel would agree and cooperate, instead of forcing Plaintiffs to fight through the thicket of meritless objections before obtaining the order. The agreement made in October bound Rouzbeh Behrouz and MFS to drop the opposition. The refusal to then drop the opposition breached the agreement. It was contempt of Court because the agreement was made with the Court's ratification, obviating the need for the Court to rule on the pending motion.

As a result of the deceptive conduct, Plaintiffs were forced to expend over $65,000CDN in their Canadian counsel's time to defend against Rouzbeh Behrouz/MFS continued litigating the Letter Rogatory issue. (*Exhibit C*). While it is likely that the Canadian court will award Plaintiffs their fees in Canada, that does not

excuse these Defendants from their obligations to this Court to follow the Court's agreed order.

Dated:  March 13, 2023　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Andrew Kochanowski*
　　　　　　　　　　　　　　　　　　　　Andrew Kochanowski (P55117)
　　　　　　　　　　　　　　　　　　　　SOMMERS SCHWARTZ, P.C.
　　　　　　　　　　　　　　　　　　　　One Towne Square, Suite 1700
　　　　　　　　　　　　　　　　　　　　Southfield, MI 48076
　　　　　　　　　　　　　　　　　　　　248-355-0300
　　　　　　　　　　　　　　　　　　　　akochanowski@sommerspc.com

　　　　　　　　　　　　　　　　　　　　Fred A. Schwartz
　　　　　　　　　　　　　　　　　　　　Bar #360538
　　　　　　　　　　　　　　　　　　　　SHAHADY WURTZENBERGER, P.A.
　　　　　　　　　　　　　　　　　　　　200 East Palmetto Park Rd., Suite 103
　　　　　　　　　　　　　　　　　　　　Boca Raton, FL 33432
　　　　　　　　　　　　　　　　　　　　561-910-3064
　　　　　　　　　　　　　　　　　　　　fschwartz@swlawyers.law

　　　　　　　　　　　　　　　　　　　　Matthew John Prebeg
　　　　　　　　　　　　　　　　　　　　Texas Bar No. 00791465
　　　　　　　　　　　　　　　　　　　　Stephen W. Abbott
　　　　　　　　　　　　　　　　　　　　Texas Bar No. 00795933 (*E.D. Mich. admission application pending*)
　　　　　　　　　　　　　　　　　　　　Brent T. Caldwell
　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24056971
　　　　　　　　　　　　　　　　　　　　BAYKO, PREBEG, FAUCETT & ABBOTT PLLC
　　　　　　　　　　　　　　　　　　　　8441 Gulf Freeway, Suite 307
　　　　　　　　　　　　　　　　　　　　Houston, Texas 77017
　　　　　　　　　　　　　　　　　　　　832-742-9260
　　　　　　　　　　　　　　　　　　　　mprebeg@bpfalawfirm.com
　　　　　　　　　　　　　　　　　　　　sabbott@bpfalafirm.com
　　　　　　　　　　　　　　　　　　　　bcaldwell@bpfalawfirm.com

　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs*

8

## CERTIFICATE OF SERVICE

    I certify that March 13, 2023, I electronically filed the forgoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

                                          */s/ Andrew Kochanowski*
                                          Andrew Kochanowski