# EXHIBIT B

**CITATION:** Skymark Properties Corporation, Inc. et al v. 63263101 Canada Inc. et al, 2023 ONSC 1520
**COURT FILE NO.:** Cv-21-664559-0000
**DATE:** 2023/03/06

## ONTARIO
## SUPERIOR COURT OF JUSTICE

In the Matter of an Application under Part II of the *Canada Evidence Act*, R.S.C. 1985, c. C-5, as amended, and under section 60 of the *Evidence Act*, R.S.O. 1990, c. E-3, as amended, and under Rule 14.05 of the *Rules of Civil Procedure*, R.R.O. 1990, Reg. 194, as amended

| | | |
|---|---|---|
| **BETWEEN:** | ) | |
| | ) | |
| **SKYMARK PROPERTIES CORPORATION, INC., SKYMARK PROPERTIES II, LLC, SKYMARK PROPERTIES III, LLC, SKYMARK SPE, LLC, HAZELTON HOMES CORPORATION, and 2399021 ONTARIO INC.** | ) ) ) ) ) ) ) ) ) | *Symon Zucker* for the Applicants |
| Applicants | ) | |
| - and – | ) ) | |
| **63263101 CANADA INC. c.o.b. as FIRST LINE CANADIAN INVESTMENT GROUP, DUCA FINANCIAL SERVICES CREDIT UNION LTD., FIRST AMERICAN TITLE INSURANCE COMPANY, NOBLE MORTGAGES INC., ATA TAMJIDI, ROUZBEH BEHROUZ, and MAJESTIC FOOD SERVICE, INC.** | ) ) ) ) ) ) ) ) ) ) ) ) ) | *Justin H. Nasseri* and *Gordon W. Vance* for the Respondents Lawyers for the Respondents, 63263101 Canada Inc. c.o.b. as First Line Canadian Investment Group, Rouzbeh Behrouz, and Majestic Food Service Inc. |
| Respondents | ) ) | **HEARD**: February 16, 2023 |

**PERELL, J.**

### REASONS FOR DECISION

### A. Introduction

[1]     In late June 2021, the Applicants, Skymark Properties Corporation Inc., Skymark Properties II, LLC, Skymark Properties III, LLC, Skymark SPE, LLC, Hazelton Homes

Corporation, and 2399021 Ontario Inc., collectively "Skymark", brought an application in this court to enforce letters rogatory issued in civil criminal-enterprise proceedings in the United States in the State of Michigan. (the "Michigan Action").

[2] Amongst the seven targets of the letters rogatory sought by the Michigan Court were the Respondents Rouzbeh Behrouz and Majestic Food Services, Inc.

[3] Skymark's application is a very peculiar and messy application for letters rogatory. It has had a peculiar procedural and evidentiary history, and it has the tricky oddities that:

    a. The application for letters rogatory began as an application against seven non-parties to the proceedings in the Michigan Court, but the application has morphed into a bifurcated or severed application to obtain evidence from: (a) two parties to the Michigan Action who oppose the application in Ontario; and (b) five non-parties to the Michigan Action who did not oppose the application in Ontario and who have already been partially examined during the course of the proceedings in Ontario.

    b. During the time of this application, the Respondents Rouzbeh Behrouz and Majestic Food Services were added as parties to the Michigan Action. ==In other words, the Respondents Rouzbeh Behrouz and Majestic Food Services are now opposing the letters rogatory as a party to the foreign litigation, in contrast to opposing the application as a third party being embroiled in foreign litigation.==

    c. The procedure for this application for letters rogatory has developed in a serpentine way with this court in 2021 declining to bifurcate the motion to accommodate the five respondents (63263101 Canada Inc. (c.o.b. as First Line Canadian Investment Group), Duca Financial Services Credit Union Ltd., First American Title Insurance Company, Noble Mortgages Inc., and Ata Tamjidi) who did not oppose the Order, only for this court a year later, in 2022, to bifurcate the application with the caveat that the five respondents could not be examined with respect to what they might know about the roles of Rouzbeh Behrouz and Majestic Food Services in the alleged conspiracy that is the subject matter of the Michigan Action. And then this court adjourned this application for nine more months taking it into a hearing in 2023 just involving the Respondents Rouzbeh Behrouz and Majestic Food Services.

    d. The application for letters rogatory has the unusual feature that Rouzbeh Behrouz and Majestic Food Services, who are residents of Ontario, have attorned to the jurisdiction of the Michigan Court and that court has ordered them not to oppose the letters rogatory. In other words, by opposing this application, Rouzbeh Behrouz and Majestic Food Services, may be breaching the Order of the foreign court that is seeking letters rogatory.

    e. The application for letters rogatory has the troublesome feature that Skymark's lawyer of record has changed since the commencement of the application. There is the untypically awkward circumstance that counsel of record is confronted with an evidentiary record prepared by his predecessor. Using the predecessor lawyer's prepared record is not an uncommon phenomenon of a change of lawyer, but it is awkward in the immediate case because the evidentiary record that current counsel did not prepare is

under serious attack as to its admissibility and there is, of course, the problem of how the application has morphed over the past several years.

f. There is the further awkwardness that the counsel for both parties are relying on outdated factums for a hearing that was to be heard in July 2022 but that was rescheduled for nine months later before me. What has been served up to this court is a dog's breakfast of material.

g. The application for letters rogatory is marked by a ferocious attack on Skymark's evidence. In opposing this application, Rouzbeh Behrouz and Majestic Food Services vociferously challenge the admissibility of Skymark's evidence for the application. Skymark's millennium sized Motion Record contains sworn declarations from deponents in the Michigan Action, but the declarations are attached as exhibits to the affidavit of Skymark's American attorney Andrew Kochanowski, who was Skymark's only direct deponent. The evidentiary consequence is that depending upon the purpose for which the declarations were being proffered as evidence, there is a volcanic barfing of inadmissible hearsay and double hearsay and triple hearsay and quadruple hearsay evidence.

h. In addition to Rouzbeh Behrouz and Majestic Food Services opposing the letters rogatory contrary to the directive of the foreign court, which may expose them to contempt proceedings in the foreign court, and in addition to their objections to the hearsay evidence proffered by Mr. Kochanowski, they challenge Mr. Kochanowski's integrity, reliability, credibility, and professional competence, and they submit that the totality of his evidence be struck and the motion for letters rogatory should be dismissed.

[4] Notwithstanding this stinky mess of an application, for the Reasons that follow, I am satisfied that based on the properly admissible evidence, this application for letters rogatory should be granted.

## B. The Evidentiary Problems

[5] As noted above, there are two serious evidentiary problems in the immediate case that must be addressed at the outset and before the procedural and factual background can be described and analyzed.

[6] The first problem concerns the use to be made of a plethora of hearsay evidence.

[7] The second problem is the grim and ferocious attack being made about the admission of Mr. Kochanowski's evidence, which includes the damning allegation that he was complicit in submitting falsified photographs to the Michigan court.

[8] Addressing the first problem about the hearsay evidence, there would be considerable traction to Rouzbeh Behrouz's and Majestic Food Services' argument if the issue before this court was the truth of the allegations being made against them. However, the issue before this court is simply whether the targets of the letters rogatory have evidence relevant to the allegations being made.

[9] Very much of the vociferous attack made by Rouzbeh Behrouz and Majestic Food Services

about inadmissible hearsay evidence is based on the false premise that when one witness testifies what he or she heard said by another witness, the testimony must necessary be excluded as inadmissible as hearsay unless a hearsay exception justifies the admission of the evidence. The falsity of that premise is that what at first blush appears to be hearsay evidence may not be hearsay.

[10]     An illustration of this evidentiary phenomenon that apparent hearsay evidence may not be hearsay evidence is if witness A testifies that he heard witness B say that the stop light was red. This evidence would be hearsay for the truth of whether or not the stop light was red, but the evidence would not be hearsay evidence that witness A observed i.e., heard that A said the stop light was red. The statement about the condition of the stoplight would be inadmissible hearsay for the truth of its contents but it is admissible evidence of what witness B said assuming that what B said was material to the issues before the court.

[11]     The thrust of attack made by Rouzbeh Behrouz and Majestic Food Services against Mr. Kochanowski's evidence is that in his affidavit and cross-examination, Mr. Kochanowski's proffers evidence from other witness, including an expert witness, to prove that Rouzbeh Behrouz and Majestic Food Services were participants in a conspiracy masterminded by Morteza and Payam Katebian in pursuance of an international fraud and money laundering scheme that included violations of U.S. Iran-trade embargo laws. Rouzbeh Behrouz and Majestic Food Services object that they have been denied the opportunity to cross-examine the witnesses who have the evidence about their alleged wrongdoing in the United States

[12]     The falsity of that objection is that for the purposes of this application for letters rogatory all that this court must determine is whether Rouzbeh Behrouz and Majestic Food Services have evidence that is relevant to the issues to be determined by the Michigan court.

[13]     Further, the falsity of the objection is that to the extent that Mr. Kochanowski proffered evidence about what others said about Rouzbeh Behrouz and Majestic Food Services did in connection with the alleged conspiracy is admissible evidence about what they said although it may be inadmissible hearsay about the truth of what they said.

[14]     In other words, I do not disagree with Rouzbeh Behrouz's and Majestic Food Services' argument that rule 39.01(5) of the *Rules of Civil Procedure*,[1] which provides that an "affidavit for use on an application may contain statements of the deponent's information and belief with respect to facts that are not contentious, if the source of the information and the fact of the belief are specified in the affidavit" prohibits contentious hearsay evidence from being relied on in applications.[2] However, the evidence that Mr. Kochanowski proffered about the damning allegations he heard said by Mr. Kiani-Nejad and other witnesses in the Michigan action is not hearsay evidence and it is not even contentious that Mr. Kiani-Nejad and the other witnesses in the Michigan action did make those allegations, the proof of which remains to be determined – but not by an Ontario court.

[15]     Now that Rouzbeh Behrouz and Majestic Food Services are parties to the Michigan proceedings, it is rather obvious that they have relevant evidence to rebut the allegations made

---

[1] +
[2] *Currie v. Chatterton*, 2014 ONSC 4571;  *Howden Power North America Inc. v. A. Swent & Sons Ltd.*, [2009] O.J. No. 5560 (S.C.J.), *Armstrong v. McCall*, [2006] O.J. No. 2055 (C.A.).

5

against them and the evidence submitted on this application, which is not hearsay evidence, is that that relevant evidence has not been made available to the Michigan court.

[16]     In assessing the consequences of the bombardment of objections to Mr. Kochanowski's evidence, it needs to be recalled that Skymark's objective back in 2021 was to obtain letters rogatory to examine seven respondents and the issue back in 2021 was whether each of the seven targets of the letters rogatory might have relevant evidence for the Michigan Court. The current evidentiary record is a carryover of an application with five more respondents and much of that record is not relevant to the issues before the court now that the targets are only Rouzbeh Behrouz and Majestic Food Services.

[17]     In the context of what was an omnibus application involving seven targets, it was appropriate for Mr. Kochonowski to testify about what he heard other witness say in their declarations submitted to the Michigan Court. Mr. Kochonowski was not testifying about the truth of those declarations. The truth of the allegations is something for the Michigan court to determine.

[18]     The Michigan Court has asked this court to help gather relevant evidence and it not for this court to decide the admissibility or the truth of that evidence. Mr. Kochonowski's testimony revealed only what were the issues to be determined by the Michigan Court. Rouzbeh Behrouz and Majestic Food Services will have an opportunity to refute that substantive evidence in the Michigan Court.

[19]     In short, the role of the Ontario court in examining the evidence submitted for the letters rogatory is very much narrower than Rouzbeh Behrouz and Majestic Food Services would have it. To quote from Shakespeare's *Macbeth*, Rouzbeh Behrouz and Majestic Food Services tell a tale full of sound and fury, signifying nothing in the context of what was an omnibus application for letters rogatory. They will and should take their objections to the evidence to the Michigan Court.

[20]     Thus, in assessing the objections being made to the evidence on this application, it is not necessary to rule Mr. Kochonowski's integrity, reliability, credibility, and professional competence. Most of his evidence could and perhaps should have been provided by a witness from Skymark simply reporting on the state of the proceedings in Michigan and by attaching the complaints and declarations filed in the Michigan Action, which much like pleadings would have defined the material issues.

[21]     Thus, the solution to both problems in the immediate case is to rely only on evidence, including the evidence derived from Mr. Kochanowski's affidavit that: (a) is relevant to the issues connected to an application for letters rogatory, which is <u>not</u> about the substantive merits of the Michigan Action but is about what allegations are being made in that action and also (b) is admissible (not hearsay) evidence about the issues connected to an application for letters rogatory.

[22]     Thus, in describing the factual and procedural background, I shall make findings based only on the evidence that is admissible for the purposes of determining the application for letters rogatory.

[23]     To foreshadow that description, based only on admissible evidence, my main findings of fact are that: (a) the evidence being sought from Rouzbeh Behrouz and Majestic Food Services is

required so that justice may be done between the parties to the Michigan Action; (b) Skymark is unable to obtain the evidence from other sources by other means; (c) the assistance of this court is properly being sought by the Michigan Court; and (d) it would not be contrary to public policy to grant the letters rogatory.

## C.  Procedural and Factual Background

[24]    What follows is the bizarre procedural and factual background between the application for letters rogatory in Ontario and the proceeding in Michigan. The Michigan Action is being case managed together by District Court Judge, the Honourable Sean F. Cox and by the Honourable David R. Grant, United States Magistrate Judge.

[25]    **On August 31, 2020**, Skymark commenced proceedings in the District Court in the Eastern District of Michigan, Southern Division pursuant to the *Racketeer Influenced and Corrupt Organizations Act*, which is commonly referred to as RICO. The style of cause of the proceedings is *Skymark Properties Corporation Inc. et al. v. Morteza Katebian et al,* (Civil Action No. 2:20-cv 12372).

[26]    Originally, there were eleven defendants to the Michigan Action. The Defendants were: the brothers Morteza and Payam Katebian; Morrow GA Investors, LLC; 2638168 Ontario Inc.; Flemington Capital Corporation; Jordan Asher Samuel; Pantea Sahebdivani; Hosinali Sahehdivani; Green Lake Real Estate Fund; LLC; Peter T. Chang; and Ali Behrouz (who is Rouzbeh Behrouz's brother).

[27]    In the initial complaint, Skymark alleged that the Defendants had conspired and violated RICO in pursuance of an international fraud and money laundering scheme that included violation of U.S. Iran-trade embargo laws (the U.S. *International Emergency Economic Powers Act*  and the *Iranian Transactions and Sanctions Regulations*).

[28]    The alleged masterminds of the conspiracy were the brothers Morteza and Payam Katebian who are Canadian and Iranian citizens.

[29]    In the Michigan Action, Skymark alleges the Katebians, committed mortgage-related fraud in Canada that eventually led to the Ontario Securities Commission (OSC) finding them guilty of defrauding over 150 Canadian investors. One of the losses involved in the OSC proceeding was the "Dovercourt" property in which Payam Katebian and Rouzbeh Behrouz were involved as owners of a Canadian company. The Amended Complaint alleges a loss of over $600,000.

[30]    In the Michigan Action, Skymark alleges that the Katebians and Ali and Rouzbeh Behrouz and their father Manoocher in contravention of the Iran-trade embargo used moneys from joint business operations in Iran to purchase a commercial property in Atlanta, Georgia for over $2 million (USD).

[31]    On **March 8, 2021**, in the Michigan Action, Skymark filed an Amended Complaint.

[32]    On **April 14, 2021**, in the Michigan Action, Skymark filed an emergency motion for an Order freezing the assets of the Defendants alleging, among other things, that the Defendants had

violated Iranian embargo laws.

[33]    On **June 1, 2021**, in the Michigan Action, the Michigan Court denied the freezing order, but the Court granted Skymark the right to conduct expedited discovery on issues related to the freezing order request.

[34]    On **June 8, 2021**, in the Michigan Action, the Michigan Court issued letters rogatory. It also set a timetable for the oral and documentary production in Ontario to be completed by August 31, 2021. The Order was made by Magistrate Judge Grant. For present purposes, the following provisions of the request from the Michigan Court are pertinent:

> ORDER FOR ISSUANCE OF LETTER ROGATORY FOR EVIDENCE IN PROVINCE OF ONTARIO, CANADA
>
> WHEREFORE Plaintiffs have applied to the Unites States District Court for the Eastern District of Michigan, for issuance of letters rogatory for the taking of evidence in the Province of Ontario;
>
> WHEREFORE, the Court has been apprised of matters occurring in the Province of Ontario, Canada that have a bearing on this litigation;
>
> AND WHEREFORE the Court finds that the evidence being sought is necessary in relation to a civil dispute between the parties currently pending before this Court and the Court has the power to issue such letters rogatory.
>
> IT IS HEREBY ORDERED THAT:
>
> 1. The evidence sought through the letters rogatory is relevant to the proceeding before the Court.
>
> 2. The evidence to be obtained is necessary for trial of this civil dispute and will be adduced at trial if obtained.
>
> 3. The evidence to be obtained involves matters of interest to the courts of Canada. Specifically, in the litigation pending before this Court, Plaintiffs allege and Defendants deny, that Defendants have violated U.S. Iran-trade embargo laws. Plaintiffs allege, and the defendants deny, that some of these actions took place in the Province of Ontario, or through financial institutions located in the Province of Ontario. Further, Plaintiffs allege, and Defendants deny, that the civil litigation concerns in part moneys at issues in ongoing litigation in the Ontario Superior Court and in the Ontario Securities Commission, *In re Money Gate Mortgage Investment Corp.* 2019 ONSEC 40, File No. 2017-79 and in other actions pending in the Ontario Superior Court.
>
> 4 The Court directs that Plaintiffs apply for issuance of such orders in Province of Ontario courts as are necessary to effectuate the terms of this order. The Court directs that no Defendant subject to the jurisdiction of this Court may object in the Province of Ontario to the taking of the evidence below. […]

5. The evidence subject to these letters rogatory shall be as follows:

[…]

(4) "Noble Mortgages Inc. […] and Ata Tamjidi, […] shall produce its/their records including emails, texts, or other electronic communications relating to (1) "Rouzbeh Behrouz", (2) "Ali "Rama" Behrouz", (3) "Morteza Katebian" and/or (4) "Payam Katebian" and the retention of Noble Mortgages to secure a loan on or about May, 2019 for any of the above individuals or Morrow GA Investors, LLC.

[…]

(6.) "Ata Tamjidi" shall produce email and/or test messages received from or made to (1) Rouzbeh Behrouz, (2) Payam Katebian, (3) Sandeep Chandal, or any other individual related to any of them, between March 8 and April 22, 2021, concerning the retention of Noble Mortgages to secure the above loan or the affidavits submitted by Ali Kiani-Nejad in the U.S. litigation.

(7.) "Rouzbeh Behrouz," a resident of the Province of Ontario, shall be made available as a witness to testify concerning the contents of the declaration and related matters. Behrouz shall also provide all records relating to any bank account maintained in the name of or for the benefit (1) "256456 Ontario, Inc.," (2) "Ali (Rama) Behrouz," (3) "Majestic Food Service, Inc.," (4) "Morteza Katebian" (including accounts under the names of Behnam Katebian, Morteza Ben Katebian, or Morteza Katebian Tabari), (5) "Payam Katebian," (6) "Morrow GA Investors, LLC," (7) "2638168 Ontario Corporation," (8) "Flemington Capital Corporation," and (9) "'101 Corporation." Behrouz shall also provide an original of his Canadian and Iranian passports for examination on the date of his examination.

(8.) Any bank and/or financial institution in the Province of Ontario served with this Order, including specifically Canadian Imperial Bank of Commerce (CIBC), Toronto Dominion Bank (TD Bank) and Royal Bank of Canada (RBC), shall provide records for all accounts in the names of: (1) "Rouzbeh Behrouz," (2) "Ali (Rama) Behrouz," (3) "Morteza Katebian" (including accounts under the names "Behnam Katebian," "Morteza Ben Katebian," or "Morteza Tabari"), (4) "Payam Katebian," (5) "Morrow GA Investors, LLC," (6) "2638168 Ontario Corporation," (7) "Flemington Capital Corporation," (8) "256456 Ontario, Inc.," (9) "First Line Canadian Investment Group," (10) "'101 Corporation," and (11) "Majestic Food Service, Inc."

(9.) "Majestic Food Service, Inc.," located at 4-94 Kenhar Dr., North York, and 201-6660 Kennedy Rd., Mississauga, shall produce its records, including emails, texts, or other electronic communications, relating to (1) "Rouzbeh Behrouz," (2) "Ali "Rama" Behrouz," (3) "Morteza Katebian,"

> and/or (4) "Payam Katebian" and the retention of Noble Mortgages to secure a loan on or about May, 2019 for any of the above individuals or Morrow GA Investors, LLC. Majestic shall further produce its bank records between 2016 and the present. Majestic shall further produce records concerning any money transfers with Aratta Partners, LLC in Armenia.16

[35]   On **June 18, 2021**, Skymark commenced this application in Ontario for letters rogatory from seven targeted witnesses. The Respondents to the application were: 63263101 Canada Inc. (c.o.b. as First Line Canadian Investment Group); Duca Financial Services Credit Union Ltd.; First American Title Insurance Company; Noble Mortgages Inc.; Ata Tamjidi; Rouzbeh Behrouz, and Majestic Food Services Inc. Majestic Food Services is an import business owned by Ali and Rouzbeh Behrouz.

[36]   At the time that the application was originally brought in Ontario in the summer of 2021, all of the Respondents with the exception of Rouzbeh Behrouz and Majestic Food Services did not oppose the issuance of the letters rogatory.

[37]   At the time that the application was originally brought, Mr. Behrouz and Majestic Food Services were not Defendants to the proceedings in Michigan. As noted above, by the time the application was argued in 2023, they were added as defendants to the Michigan Action.

[38]   Skymark's application was supported by a 918-page Motion Record that included: (a) the affidavit of Andrew Kochanowski dated June 16, 2021, which contained (b) the declaration of Fred A. Schwartz dated April 12, 2021, (c) the declaration of Troy Wilson dated April 9, 2021, (d) the declarations of Ali Kiani-Nejad dated March 3, 2021; and April 2021; and (e) the declaration of Stephanie Rice dated April 13, 2021.

[39]   Mr. Kochanowski is an American attorney and is counsel of record to Skymark in the Michigan Action.

[40]   Mr. Schwartz is an American attorney, who is another counsel of record for Skymark in the Michigan Action.

[41]   Mr. Wilson is a consultant who managed the real estate interests of Skymark for several years. He was asked to testify in support of Skymark's motion in the Michigan Court for an order freezing the Katebians' United States assets.

[42]   Mr. Kiani-Nejad is a commercial and residential mortgage broker in the City of Thornhill Ontario who had business dealings with Rouzbeh and Ali Behrouz in 2019. In the Michigan Action, he testified that he had been retained by the Behrouz family to secure U.S. financing for a property in Georgia property, which it is alleged had been purchased with laundered money from Iran and in contravention of U.S. Iran-trade embargo laws. Mr. Kiani-Nejad testified about a payment made by an Armenian firm, Aratta Partners, LLC, which it is alleged is a trading partner for the Behrouz family's Toronto-area business, Majestic Foods.

[43]   Ms. Rice is the founder and managing partner of Vigilance Consulting Group, a consulting firm that advises clients on complex compliance and financial criminal matters including investigations. She is an associate at Barrington Financial Consulting Group, a litigation support

firm that provides consulting and expert witness services for civil and criminal matters. She is a former United States Department of Treasurer investigator and analyst on financial transactions involving money laundering and financial transactions with embargo nations such as Iran. She was retained by Skymark to undertake investigations and to provide expert evidence with respect to the activities of the Katabians and the Behrouzes.

[44]    On **July 7, 2021**, in the Michigan Action, Skymark brought a motion to compel certain of the Defendants in the Michigan Action to attend dispositions and to disclose documents. The defendants were given until July 26, 2021 to provide their responses and to produce documents. They did not comply, and Skymark filed a motion for an Order for the Defendants Morteza Katebian, Payam Katebian, Hoisinali Sahebdivani, and Ali Behrouz to show cause why they should not be held in contempt.

[45]    On **August 3, 2021**, there was an attendance in Civil Practice Court in Toronto about the omnibus application for letters rogatory, and Justice Chalmers ordered a case conference.

[46]    On **September 1, 2021**, there was a case conference, and Justice Stinson set a timetable and a hearing date for the letters rogatory application. The application was scheduled for February 28, 2022.

[47]    On **September 20, 2021**, Mr. Ali Behrouz was cross-examined in the Michigan Action. The cross-examination was conducted remotely by video while Mr. Behrouz was in Iran.

[48]    On **October 1, 2021**, there was a conversation between Mr. Kochanowski and Sean M. Walsh. Mr. Walsh is an American attorney who is counsel of record in the Michigan Action for the Defendants in that action with the exception of Green Lake Real Estate Fund and Peter Chang. Based on that conversation, Mr. Kochanowski understood that First Line Canadian Investment Group, Rouzbeh Behrouz, and Majestic Food Service Inc. would consent to the letters rogatory application.

[49]    Pausing here in the narrative, whether Rouzbeh Behrouz, and Majestic Food Service Inc. ever agreed to not oppose the letters rogatory is a contested issue that I need not resolve because I intend to decide the application as a contested application on its merits.

[50]    Returning to the narrative, on **November 9, 2021,** Rouzbeh Behrouz was examined in the Michigan Action. Mr. Walsh was present. Mr. Kochanowski asked Mr. Behrouz whether he would comply with the letters rogatory, and Mr. Behrouz said that he would have to have to speak to his Canadian lawyers.

[51]    During his examination, Mr. Behrouz revealed that his bank statements were relevant to the allegations in the Michigan Action. For example, they would reveal whether there were wire transfers between Majestic Food Service and the United Arab Emirates. Mr. Behrouz, however, did not produce those documents in the course of the examination.

[52]    In **November 2021**, Rouzbeh Behrouz, and Majestic Food Service delivered a Responding Motion Record that included the following evidence: (a) the affidavit of Sean M. Walsh dated November 7, 2021; (b) the declaration of Rouzbeh Behrouz dated April 28, 2021; and (c) the affidavit of Amanada Hostrawser dated November 5, 2021.

[53]   Ms. Hostrawser is a law clerk with the law firm that are counsel for the Respondents 63263101 Canada Inc. (c.o.b. as First Line Canadian Investment Group), Rouzbeh Behrouz, and Master Food Services Inc.

[54]   On **November 9, 2021**, Rouzbeh Behrouz was cross-examined by videoconference deposition in the Michigan Action.

[55]   On **December 1, 2021**, in the Michigan Action, the Michigan Court issued a scheduling Order increasing the persons to be deposed for the Michigan Action beyond those identified in the motion for a Freeze Order.

[56]   On **February 2, 2022**, in the Michigan Action, Skymark brought a motion for sanctions because the Katebian Defendants' continuing non-compliance with the Court's orders to produce documents.

[57]   On **February 10, 2022**, in the Ontario Application, Skymark delivered a Reply Motion Record containing Mr. Kochanowski's affidavit dated February 10, 2022.

[58]   On **February 22, 2022**, in the Ontario Application, there was an attendance in Civil Practice Court, and Justice Sugunasir adjourned the hearing that had been scheduled for February and rescheduled it for July 14, 2022. The adjournment was to accommodate cross-examinations.

[59]   On **March 25, 2022**, in the Ontario Application, Mr. Kochanowski was cross-examined.

[60]   On **May 19, 2022**, there was a motions hearing before Magistrate Judge Grand in Detroit Michigan in the Michigan Action. Mr. Kochanowski and Mr. Swartz appeared for Skymark. Jerome D. Frank and Sean Michael Walsh appeared for the Katebian Defendants. Amongst the motions, was a motion for leave to file the Supplemental and 2nd Amended Complaint.

[61]   It is the Second Amended Complaint that adds Rouzbeh Behrouz and Majestic Food Services as Defendants to the Michigan Action.

[62]   Rouzbeh Behrouz and Majestic Food Services were joined as Defendants to the Michigan Action and Magistrate Judge Grand determined, among other things that the Application for Letters Rogatory as applied to them shall be severed from the other Respondents. The Order warned Rouzbeh Behrouz, and Majestic Food Service Inc that violations will result in sanctions against them.

[63]   On **July 13, 2022**, in the Ontario proceedings, Skymark delivered an affidavit from Bernadette Escujuri, who is the law clerk of counsel for Skymark.

[64]   Ms. Escujuri attached to her affidavit: (a) a copy of the order dated May 23, 2022 in a hearing in the Michigan Action before District Judge, Sean F. Cox and Magistrate Judge Grand; and (b) the Supplemental and Second Amended Complaint filed in the Michigan Action.

[65]   On **July 14, 2022**, the application for letters rogatory came on for a hearing. Justice + bifurcated the application. One tranche was the five Respondents who did not oppose the application. The other tranche was the application now before the court, which was scheduled for

February 16, 2023.

[66] On **February 16, 2023**, the application involving Rouzbeh Behrouz and Majestic Food Services came on for a hearing.

[67] I reserved judgment and during my reserved I received additional caselaw from Skymark and written submissions from Rouzbeh Behrouz and Majestic Food Services.

**D. Discussion and Analysis**

[68] Rouzbeh Behrouz and Majestic Food Services submit that the evidence upon which Skymark relies is inadmissible or unreliable and therefore there is no evidentiary foundation to support the request for letters rogatory. Further, they submit that Skymark has failed to satisfy the criterion for the granting of letters of request (letters rogatory). They submit that Skymark has failed to establish the relevance or necessity of the evidence sought and that enforcement would be contrary to public policy and Canadian sovereignty.

[69] As I shall now further explain, I disagree with Rouzbeh Behrouz's and Majestic Food Services' submissions. In my opinion, Skymark has satisfied the test for the issuance of letters rogatory. In arriving at my conclusion, the circumstance that the Michigan Court has directed Rouzbeh Behrouz and Majestic Food Services not to oppose the application has played no part in my reasoning.

[70] Section 60 of the *Ontario Evidence Act*[3] provides:

> 60. Where it is made to appear to the Superior Court of Justice or a judge thereof, that a court or tribunal of competent jurisdiction in a foreign country has duly authorized, by commission, order or other process, for a purpose for which a letter of request could be issued under the rules of court, the obtaining of the testimony in or in relation to an action, suit or proceeding pending in or before such foreign court or tribunal, of a witness out of the jurisdiction thereof and within the jurisdiction of the court or judge so applied to, such court or judge may order the examination of such witness before the person appointed, and in the manner and form directed by the commission, order or other process, and may, by the same or by a subsequent order, command the attendance of a person named therein for the purpose of being examined, or the production of a writing or other document or thing mentioned in the order, and may give all such directions as to the time and place of the examination, and all other matters connected therewith as seem proper, and the order may be enforced, and any disobedience thereto punished, in like manner as in the case of an order made by the court or judge in an action pending in the court or before a judge of the court.[4]

[71] The enforcement of letters of request by a foreign court for examinations for the foreign

---

[3] +

[4] Section 46 of the *Canada Evidence Act,* R.S.C. 1985, c. C-5 is of the same effect.

proceedings to take place in Ontario is based on the principle of comity of nations.[5] In *Morguard Investments Ltd. v. De Savoye*,[6] Justice La Forest defined comity as "the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience and to the rights of its own citizens or of other persons who are under the protection of its laws". The courts of one jurisdiction will give effect to the laws and judicial decisions of another jurisdiction out of mutual deference and respect. A foreign request is given full force and effect unless it is contrary to the public policy of the jurisdiction to which the request is directed or otherwise prejudicial to the sovereignty or its citizens.[7]

[72]    The requesting court's decision is entitled to considerable deference and the court receiving the request does not sit as an appeal court from the decision of the requesting court.[8] Nevertheless, although the domestic court considering whether to enforce letters rogatory does not function as an appellate court in respect of the foreign requesting court and the domestic court will give deference to the conclusions of the foreign court, the domestic court must independently reach its own conclusions based on the evidence proffered to determine whether the request complies with the law of the domestic court.[9]

[73]    There are four prerequisites for the enforcement of letters of request (letters rogatory) from a foreign court: (a) the witness must be within the court's jurisdiction; (b) the foreign court must be desirous of obtaining the evidence or the obtaining of the evidence must have been authorized by commission or other process; (c) the evidence must be in relation to a civil, commercial or criminal proceeding pending in the foreign court; and (d) the foreign court must be a court of competent jurisdiction.[10]

[74]    The criteria for the enforcement of letter of request from a foreign jurisdiction are: (a) the evidence is relevant; (b) the evidence is necessary and will be adduced at trial, if admissible; (c) the evidence is not otherwise obtainable; (d) the order sought is not contrary to public policy; (e) the documents sought are identified with reasonable specificity; and (f) the order sought is not unduly burdensome, bearing in mind what the witnesses will be required to do, and produce, were the action to be tried.[11] These factors are guideposts, not pre-conditions to the enforcement of a

---

[5] *Lantheus Medical Imaging Inc. v. Atomic Energy of Canada Ltd.*, 2013 ONCA 264 at para. 42 (C.A.); *AstraZeneca LP v. Wolman*, [2009] O.J. No. 5344 at para. 17 (S.C.J.); *R. v. Zingre*, [1981] 2 S.C.R. 392 at para. 18.
[6] [1990] 3 S.C.R. 1077 at para. 31.
[7] *Arctic Cat Inc. v. Watson*, 2015 ONSC 249; *Intelsat USA Sales LLC v. Hyde*, [2015] O.J. No. 4828, 2015 ONSC 5680 (S.C.J.); *Lantheus Medical Imaging Inc. v. Atomic Energy of Canada Ltd.*, 2013 ONCA 264; *Lafarge Canada Inc. v. Khan* (2008), 89 O.R. (3d) 619 (S.C.J.); *Connecticut Retirement Plans and Trust Funds v. Buchan*, [2007] O.J. No. 2492 (C.A.); *Prima Tek II v. Sonneman Packaging Inc.* (2003), 68 O.R. (3d) 451 (S.C.J.); *Mulroney v. Coates* (1986), 54 O.R. (2d) 353 (H.C.J.), aff'd [1987] O.J. No. 408 (C.A.); *R. v. Zingre*, [1981] 2 S.C.R. 392; *Gulf Oil Corp. v. Gulf Canada Ltd.*, [1980] 2 S.C.R. 39.
[8] *Azcar USA Inc. v. Royal Bank of Canada*, 2018 ONSC 4048 at para. 16; *Triexe Management Group Inc. v. FieldTurf International Inc.*, [2005] O.J. No. 4359 at para. 21 (S.C.J.).
[9] *Sculley v. Pivot Acquisition Corp.,* 2015 ONSC 287; *Aker Biomarine AS v. KGK Synergize Inc.*, 2013 ONSC 4897 at para. 26; *Connecticut Retirement Plans & Trust Funds v. Buchan*, 2007 ONCA 462 at para. 13; *Presbyterian Church of Sudan v. Rybiak*, [2006] O.J. No. 3822 at para. 32 (C.A.); *Fecht v. Deloitte & Touche* (1996), 28 O.R. (3d) 188 (Gen. Div.), aff'd (1997), 32 O.R. (3d) 417 at para. 18 (C.A.).
[10] *King v. KPMG*, [2003] O.J. No. 2881 at para. 6 (S.C.J.).
[11] *Actava TV, Inc. v. Matvil Corp.*, 2021 ONCA 105; *Glegg v. Glass*, 2020 ONCA 833; *Perlmutter v. Smith*, 2020 ONCA 570; *Treat Canada Ltd. v. Leonidas*, 2012 ONCA 748; *Presbyterian Church of Sudan v. Rybiak*, [2006] O.J.

letter of request.[12] Ultimately, the court must step back and balance Canadian sovereignty considerations with the justice of the enforcement request.[13]

[75] Courts may refuse to order testimony for use in foreign proceedings in a number of situations, including: (a) where the request for production of documents is vague and general; (b) where discovery was sought against a non-party to the litigation, in violation of local laws of civil procedure; and (c) where the main purpose of the examination is to serve as a "fishing expedition", a procedure which was not allowed in Canadian courts.[14]

[76] For the reasons expressed above about the admissibility of the evidence proffered by Mr. Mr. Kochanowski, I am satisfied that Skymark has met the onus of satisfying this court that it should assist the Michigan Court and grant the application for letters rogatory. Indeed, when the sandstorm of objections to his evidence have subsided, what emerges is a peculiar application but one that satisfies all the criteria and all the tests for letters rogatory.

[77] The application has morphed into one in which it is readily apparent from the admissible non-hearsay evidence that: (a) Rouzbeh Behrouz and Majestic Food Services are within this court's jurisdiction; (b) they are parties to the proceedings in the Michigan Court, which is a court of competent jurisdiction and they have relevant and necessary evidence in relation to those proceedings that the Michigan Court has made a letter of request for this Court's assistance; (c) the requested evidence has to date not been forthcoming and is not otherwise obtainable. The view of the Michigan Court is that the requested evidence of all of the targets of the letters rogatory is relevant and necessary but without the Michigan Court's opinion insofar as Rouzbeh Behrouz and Majestic Food Services are concerned necessity and relevance is apparent from the complaint filed in that court. The Order sought is not contrary to public policy and from a technical perspective the documents sought are identified with reasonable specificity. The order sought is not unduly burdensome, bearing in mind what the witnesses will be required to do, and produce, were the action is to be tried.

[78] The application has been confounded and impeded by conflating what is relevant to the determinations of the Michigan Court with determining the truth or falsity of evidence that appears to be relevant to the determinations of the Michigan Court. Ironically, Rouzbeh Behrouz and Majestic Food Services object to the letters rogatory being granted because such applications are not to be used as a fishing exercise, but the point of their objection is that they have been denied the opportunity to go fishing in the evidence of the declarations provided as attachments to Mr. Kochanowski's affidavit. I do not have to decide whether the evidence proffered to justify letters rogatory as against the five other targets is satisfactory. They did not oppose the orders and they are not before me on the severed application. I am, in any event, satisfied that Skymark's evidence

---

No. 3822 (C.A.); *OptiMight Communications, Inc. v. Innovance, Inc.*, [2002] O.J. No. 577 (C.A.); *Fecht v. Deloitte & Touche* (1996), 28 O.R. (3d) 188 (Gen. Div.), aff'd (1997), 32 O.R. (3d) 417 (C.A.); *France (Republic) v. De Havilland Aircraft of Canada Ltd.* (1991), 3 O.R. (3d) 705 (C.A.); *Friction Division Products Inc. v. E.I. Du Pont de Nemours & Co. (No. 2)* (1986), 56 O.R. (2d) 722 (H.C.J.).

[12] *Actava TV, Inc. v. Matvil Corp.*, 2021 ONCA 105; *Lantheus Medical Imaging Inc. v. Atomic Energy of Canada Ltd.*, 2013 ONCA 264 at paras. 56–71 (C.A.).

[13] *Actava TV, Inc. v. Matvil Corp.*, 2021 ONCA 105; *Glegg v. Glass*, 2020 ONCA 833; *Connecticut Retirement Plans and Trust Funds v. Buchan*, [2007] O.J. No. 2492 (C.A.).

[14] *Actava TV, Inc. v. Matvil Corp.*, 2021 ONCA 105 at para. 48; *R. v. Zingre*, [1981] 2 S.C.R. 392.

is sufficient to justify letters rogatory as against Rouzbeh Behrouz and Majestic Food Services who are party defendants to the Michigan Action.

[79]    It is perhaps unfortunate that at the outset of this bizarre application, Skymark did not ask the Michigan Court to issue discrete letters rogatory for each of the seven original targets. Instead of a thousand page evidentiary record, there would have been seven much shorter records. With severed records, Rouzbeh Behrouz and Majestic Food Services would not have been able to object to the evidentiary record and to seek to go fishing for evidence as a part of their resistance to the application for letters rogatory.

[80]    When the evidence is filtered for the severed application, I am satisfied that letters rogatory should be issued as requested as against Rouzbeh Behrouz and Majestic Food Services.

**E.   Conclusion**

[81]    For the above reasons, the application is granted.

[82]    If the parties cannot agree about the matter of costs, they may make submissions in writing beginning with Skymark's submissions within twenty days from the release of these Reasons for Decision followed by the submissions of Rouzbeh Behrouz and Majestic Food Services within a further twenty days.

*[signature]*

Perell, J.

Released: March 6, 2023

CITATION: Skymark Properties Corporation, Inc. et al v. 63263101 Canada Inc. et al, 2023 ONSC 1520
COURT FILE NO.: Cv-21-664559-0000
DATE: 2023/03/06

## ONTARIO
## SUPERIOR COURT OF JUSTICE

BETWEEN:

**SKYMARK PROPERTIES CORPORATION, INC., SKYMARK PROPERTIES II, LLC, SKYMARK PROPERTIES III, LLC, SKYMARK SPE, LLC, HAZELTON HOMES CORPORATION, and 2399021 ONTARIO INC.**

Applicants

- and –

**63263101 CANADA INC. c.o.b. as FIRST LINE CANADIAN INVESTMENT GROUP, DUCA FINANCIAL SERVICES CREDIT UNION LTD., FIRST AMERICAN TITLE INSURANCE COMPANY, NOBLE MORTGAGES INC., ATA TAMJIDI, ROUZBEH BEHROUZ, and MAJESTIC FOOD SERVICE, INC.**

Respondents

**REASONS FOR DECISION**

PERELL J.

**Released:** March 6, 2023